1  BILAL A. ESSAYLI
   First Assistant United States Attorney
2  IAN V. YANNIELLO
   Assistant United States Attorney
3  Chief, National Security Division
   JENNA W. LONG (Cal. Bar. No. 332192)
4  COLIN S. SCOTT (Cal. Bar No. 318555)
   Assistant United States Attorneys
5  National Security Division
        1500 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone: (213) 894-8692/3159
        Facsimile: (213) 894-2927
8       E-mail:   Jenna.Long@usdoj.gov
                  Colin.Scott@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11                 UNITED STATES DISTRICT COURT

12              FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,          No. 25-CR-703-MWC-2

14           Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                      CHUAN GENG
15           v.

16 CHUAN GENG,

17           Defendant.

18

19      1.   This constitutes the plea agreement between CHUAN GENG

20 ("defendant") and the United States Attorney's Office for the Central

21 District of California (the "USAO") in the above-captioned case.

22 This agreement is limited to the USAO and cannot bind any other

23 federal, state, local, or foreign prosecuting, enforcement,

24 administrative, or regulatory authority.

25                      DEFENDANT'S OBLIGATIONS

26      2.   Defendant agrees to:

27           a.   At the earliest opportunity requested by the USAO and

28 provided by the Court, appear and plead guilty to the single-count

indictment in <u>United States v. Chuan Geng</u>, CR No. 25-703-MWC-2, which charges defendant with Conspiracy to Violate the Export Control Reform Act and the Export Administration Regulations in violation of 50 U.S.C. § 4819(a) and (b); 15 C.F.R. §§ 736.2(b)(1), 764.2, and Part 774, Supp. No. 1.

        b.   Not contest facts agreed to in this agreement.

        c.   Abide by all agreements regarding sentencing contained in this agreement.

        d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

        e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

        f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

        g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<div align="center">THE USAO'S OBLIGATIONS</div>

3.   The USAO agrees to:

        a.   Not contest facts agreed to in this agreement.

        b.   Abide by all agreements regarding sentencing contained in this agreement.

        c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction

1  in the applicable Sentencing Guidelines offense level, pursuant to
2  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
3  additional one-level reduction if available under that section.
4       d.   Except for criminal tax violations (including
5  conspiracy to commit such violations chargeable under 18 U.S.C.
6  § 371), not further criminally prosecute defendant for violations of
7  Titles 18 and 50 of the United States Code arising out of defendant's
8  conduct described in the agreed-to factual basis set forth in
9  paragraph 9. Defendant understands that the USAO is free to
10  criminally prosecute defendant for any other unlawful past conduct or
11  any unlawful conduct that occurs after the date of this agreement.
12  Defendant agrees that at the time of sentencing the Court may
13  consider the uncharged conduct in determining the applicable
14  Sentencing Guidelines range, the propriety and extent of any
15  departure from that range, and the sentence to be imposed after
16  consideration of the Sentencing Guidelines and all other relevant
17  factors under 18 U.S.C. § 3553(a).
18  <u>NATURE OF THE OFFENSE</u>
19      4.   Defendant understands that for defendant to be guilty of
20  the crime charged in the single-count indictment, that is, Conspiracy
21  to Violate the Export Control Reform Act and the Export
22  Administration Regulations in violation of 50 U.S.C. § 4819(a) and
23  (b); 15 C.F.R. §§ 736.2(b)(1), 764.2, and Part 774, Supp. No. 1, the
24  following must be true: (1) beginning on a date unknown but prior to
25  August 7, 2023, and continuing through on or about July 31, 2025,
26  there was an agreement between two or more persons to violate the
27  Export Control Reform Act ("ECRA") and the Export Administration
28  Regulations ("EAR"), namely, by  exporting, attempting to export, and

3

1  causing others to export from the United States to China items

2  subject to the EAR and on the Commerce Control List, without first

3  having obtained a license or authorization from the Department of

4  Commerce to do so, as required by the EAR; and (2) defendant

5  knowingly and willfully became a member of the conspiracy knowing of

6  at least one of its objects and intending to help accomplish it.

7  <center>PENALTIES</center>

8      5.   Defendant understands that the statutory maximum sentence

9  that the Court can impose for a violation of 50 U.S.C. § 4819(a) and

10 (b), is: 20 years' imprisonment; a three-year period of supervised

11 release; a fine of $1,000,000; and a mandatory special assessment of

12 $100.

13     6.   Defendant understands that supervised release is a period

14 of time following imprisonment during which defendant will be subject

15 to various restrictions and requirements.  Defendant understands that

16 if defendant violates one or more of the conditions of any supervised

17 release imposed, defendant may be returned to prison for all or part

18 of the term of supervised release authorized by statute for the

19 offense that resulted in the term of supervised release, which could

20 result in defendant serving a total term of imprisonment greater than

21 the statutory maximum stated above.

22     7.   Defendant understands that, by pleading guilty, defendant

23 may be giving up valuable government benefits and valuable civic

24 rights, such as the right to vote, the right to possess a firearm,

25 the right to hold office, and the right to serve on a jury. Defendant

26 understands that he is pleading guilty to a felony and that it is a

27 federal crime for a convicted felon to possess a firearm or

28 ammunition.  Defendant understands that the conviction in this case

<center>4</center>

may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

9.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the

Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on a date unknown but prior to August 7, 2023, and continuing through on or about July 31, 2025, within the Central District of California and elsewhere, defendant entered into an agreement with Co-conspirator 1 -- the owner of ALX Solutions Inc. ("ALX"), co-defendant Shiwei Yang ("co-defendant Yang"), and others to violate the Export Control Reform Act ("ECRA") and the Export Administration Regulations ("EAR").

Co-conspirator 1 hired defendant to work for ALX in El Monte, California. Later, defendant was listed as the Chief Financial Officer for ALX and served as a general manager by assisting in ALX's operations, including financial transactions, transporting goods, and preparing shipments to China. After defendant was working for ALX, defendant recruited co-defendant Yang to work for ALX. Defendant's work at ALX included the below-described illegal activities.

Defendant knowingly and willfully became a member of the conspiracy, and acted in furtherance of the conspiracy, knowing that at least one of the conspiracy's objects was to export items to China without the required licenses, in violation of ECRA and the EAR. While defendant was at ALX's office in El Monte, California, and elsewhere within the Central District of California, he intended to and did, in fact, help accomplish the objects of the conspiracy by:

- procuring advanced computing semiconductor chips (or Graphics Processing Units ("GPUs")), including Nvidia A100 and H100 GPUs, which are controlled for export to China;

- packaging and shipping the export-controlled GPUs to China, primarily by shipping the items through Malaysia and Singapore and then causing them to be transshipped or re-exported to China, without obtaining the required licenses;

- coordinating with other co-conspirators in the United States and abroad about the shipment of export-controlled GPUs to China; and

- executing financial transactions with customers and suppliers.

Throughout the conspiracy, defendant knew the export of these items to China was restricted, in part because Co-conspirator 1 told him that is why they shipped the export-controlled items through Malaysia and Singapore (and not directly to China), and why defendant and co-defendant Yang needed to disassemble purchased servers containing GPUs and look for tracking devices before shipments were sent out.

During the course of the above-described conspiracy, the export-controlled items that defendant and his co-conspirators conspired to export, and did in fact export, to China were classified on the Commerce Control List under ECCNs 4A090.a, 5A002.z, or 5A992.z, were controlled for Regional Stability reasons and required a license from the United States Department of Commerce for export or re-export to China, among other places. The United States Department of Commerce imposed these controls on October 7, 2022, to address United States national security concerns, specifically the impact of advanced computing integrated circuits on enabling the People's Republic of China's military modernization. 87 Fed. Reg. 62186. The Commerce Department subsequently revised and expanded these restrictions on October 25, 2023 "to more effectively achieve . . . national security

1  policy objectives . . . to protect U.S. national security interests

2  by further restricting China's ability to obtain critical

3  technologies to modernize its military capabilities in ways that

4  threaten the national security interests of the United States and its

5  allies." 88 Fed. Reg. 73458. As such, it is a national security

6  control. At no point during this conspiracy did ALX, Co-conspirator

7  1, defendant, or co-defendant Yang, obtain a license from the United

8  States Department of Commerce that authorized shipment of export-

9  controlled items to China.

10                          <u>SENTENCING FACTORS</u>

11      10. Defendant understands that in determining defendant's

12  sentence the Court is required to calculate the applicable Sentencing

13  Guidelines range and to consider that range, possible departures

14  under the Sentencing Guidelines, and the other sentencing factors set

15  forth in 18 U.S.C. § 3553(a). Defendant understands that the

16  Sentencing Guidelines are advisory only, that defendant cannot have

17  any expectation of receiving a sentence within the calculated

18  Sentencing Guidelines range, and that after considering the

19  Sentencing Guidelines and the other § 3553(a) factors, the Court will

20  be free to exercise its discretion to impose any sentence it finds

21  appropriate up to the maximum set by statute for the crime of

22  conviction.

23      11. Defendant and the USAO agree to the following applicable

24  Sentencing Guidelines factors:

25      Base Offense Level:              26   U.S.S.G. § 2M5.1(a)(1)(A)

26

27  Defendant and the USAO reserve the right to argue that additional

28  specific offense characteristics, adjustments, and departures under

1  the Sentencing Guidelines are appropriate.  Specifically, defendant

2  understands and agrees that the USAO reserves the right to argue that

3  either a two or three-level adjustment under U.S.S.G. § 3B1.1

4  applies, notwithstanding the above.  Additionally, defendant

5  specifically agrees that no adjustment under U.S.S.G. § 3B1.2

6  applies.

7      12.  Defendant understands that there is no agreement as to

8  defendant's criminal history or criminal history category.

9      13.  Defendant and the USAO reserve the right to argue for a

10 sentence outside the sentencing range established by the Sentencing

11 Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1),

12 (a)(2), (a)(3), (a)(6), and (a)(7).

13 <div align="center">WAIVER OF CONSTITUTIONAL RIGHTS</div>

14     14.  Defendant understands that by pleading guilty, defendant

15 gives up the following rights:

16     a.  The right to persist in a plea of not guilty.

17     b.  The right to a speedy and public trial by jury.

18     c.  The right to be represented by counsel -- and if

19 necessary have the Court appoint counsel -- at trial.  Defendant

20 understands, however, that, defendant retains the right to be

21 represented by counsel -- and if necessary have the Court appoint

22 counsel -- at every other stage of the proceeding.

23     d.  The right to be presumed innocent and to have the

24 burden of proof placed on the government to prove defendant guilty

25 beyond a reasonable doubt.

26     e.  The right to confront and cross-examine witnesses

27 against defendant.

28

  f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

  g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

  h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

 15. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

 16. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction within or below the range corresponding to an offense level of 21 and a criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent

permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

18. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 23 and a criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

19.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

20.  Defendant further agrees that this paragraph of the agreement is severable.  Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement.  Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

21.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement,

then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not

be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

26. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

14

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

29.  Defendant understands that, except as set forth within the Plea Agreement, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

15

30.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

BILAL A. ESSAYLI
First Assistant United States Attorney

*Colin S. Scott*                                          12/12/2025
JENNA W. LONG                                       Date
COLIN S. SCOTT
Assistant United States Attorneys

*Chuan Geng*                                          12/12/25
CHUAN GENG                                           Date
Defendant

*[signature]*                                          12/12/25
NAREG GOURJIAN                                    Date

Attorney for Defendant CHUAN GENG

16

1                          CERTIFICATION OF DEFENDANT

2          This agreement has been read to me ~~in Mandarin,~~ the language I

3    understand best.  I have had enough time to review and consider this

4    agreement, and I have carefully and thoroughly discussed every part

5    of it with my attorney.  I understand the terms of this agreement,

6    and I voluntarily agree to those terms.  I have discussed the

7    evidence with my attorney, and my attorney has advised me of my

8    rights, of possible pretrial motions that might be filed, of possible

9    defenses that might be asserted either prior to or at trial, of the

10   sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant

11   Sentencing Guidelines provisions, and of the consequences of entering

12   into this agreement.  No promises, inducements, or representations of

13   any kind have been made to me other than those contained in this

14   agreement.  No one has threatened or forced me in any way to enter

15   into this agreement.  I am satisfied with the representation of my

16   attorney in this matter, and I am pleading guilty because I am guilty

17   of the charge and wish to take advantage of the promises set forth in

18   this agreement, and not for any other reason.

19   _____          _____12-12-25_____

20   CHUAN GENG                                Date
     Defendant

21

22

23

24

25

26

27

28

                                    17

1

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2      I am CHUAN GENG's attorney.  I have carefully and thoroughly

3 discussed every part of this agreement with my client.  Further, I

4 have fully advised my client of his rights, of possible pretrial

5 motions that might be filed, of possible defenses that might be

6 asserted either prior to or at trial, of the sentencing factors set

7 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this agreement.

9 To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is an informed and voluntary one; and the factual basis set

14 forth in this agreement is sufficient to support my client's entry of

15 a guilty plea pursuant to this agreement.

16

17 _____          _____
NAREG GOURJIAN                            Date  12/12/25

18 Attorney for Defendant CHUAN GENG

19

20

21

22

23

24

25

26

27

28